■ The People of the State of New York, Respondent, v William Cardia, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Berke, J.), rendered June 27, 1985, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Dachenhausen, J.), without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution, we find that it is sufficient as a matter of law to support the defendant's conviction of burglary in the third degree *(see, People v Baskerville,* 60 NY2d 374, 382; *People v Barnes,* 50 NY2d 375, 381).

Concerning the defendant's contention that his assigned counsel was ineffective, we find that the defendant makes the twofold error of (1) confusing ineffectiveness with losing tactics and (2) granting undue significance to retrospective analysis *(see, People v Baldi,* 54 NY2d 137, 146). After a review of the record in its entirety, we conclude that the defendant's trial counsel provided meaningful assistance *(People v Baldi, supra,* at 147).

The court was correct in denying that branch of the defendant's omnibus motion which was to suppress physical evidence without a hearing because the defendant's motion papers did not allege a factual basis to support suppression (CPL 710.60 [3] [b]; *see, People v Weaver,* 49 NY2d 1012, 1013; *see also, People v Ponder,* 54 NY2d 160, 165-166). The defendant denied any possessory interest in the car in which the stolen items were found and thus did not demonstrate a reasonable expectation of privacy *(see, People v Ponder, supra,* at 165-166).

The prosecutor's challenged comment during summation was invited by the defense counsel's closing argument *(see,*

*People v Marks,* 6 NY2d 67, 77-78, *cert denied* 362 US 912) and was, in any event, innocuous.

The defendant's final contention was not preserved for appellate review. Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.