■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered June 19, 1985, convicting him of murder in the second degree (two counts), and attempted robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On September 30, 1984, at approximately 1:00 A.M., Frederick Hickling and Jacqueline McKail were seated in a parked automobile in Brookville Park, Queens County, when three men, one of whom was armed with a rifle, approached their

vehicle and attempted to rob them. After searching the vehicle, but discovering no property deemed worthy of their efforts, the armed assailant shot and fatally wounded Ms. McKail. A subsequent police investigation resulted in the acquisition of information linking the defendant and his codefendant, Maurice McIntyre, to the attempted robbery and shooting. The police thereafter apprehended McIntyre, who provided them with a relatively detailed oral confession in which he implicated himself, the defendant and a third person as the perpetrators of the crimes in issue. McIntyre claimed, *inter alia,* that it was the defendant who had possessed the rifle and had fired the shot which ultimately killed Ms. McKail. McIntyre's statements were later memorialized in written form and on videotape.

The police were also successful in apprehending the defendant. However, he repeatedly denied having any knowledge of the incident much less having participated in any criminal activity. He was, nevertheless, placed in a holding cell which was situated approximately 8 to 10 feet away from the sergeant's desk. According to the sergeant, the defendant, while so confined, eventually blurted out a statement to the effect that "I didn't want to kill no girl. They told me to". The inculpatory statements of both the defendant and his codefendant McIntyre were admitted into evidence at trial.

Prior to the trial, the defendant had moved, pursuant to CPL 200.40 (1), for a severance. This motion was ultimately denied and McIntyre and Smith were jointly tried. The defendant, on appeal, contends, *inter alia,* that he was deprived of a fair trial by virtue of the denial of his motion for a severance. He argues that he was unduly prejudiced in that the jury may have improperly relied upon the extrajudicial statements made by the codefendant in determining his guilt. We disagree.

The authorization to jointly try two or more defendants and, conversely, to sever the trials of defendants who are jointly charged rests in the sound discretion of the trial courts *(see,* CPL 200.40; *People v Bornholdt,* 33 NY2d 75; *People v Feolo,* 282 NY 276). This discretion, however, is not absolute. Thus, where a retrospective review by an appellate court reveals that a joint trial has unduly prejudiced an accused, fundamental notions of fairness require that the defendant be retried separately *(see, People v Fisher,* 249 NY 419).

Upon review of the present record, we conclude that the defendant was not substantially prejudiced by reason of his

having been jointly tried with his codefendant McIntyre. Although the statements of both defendants were introduced at trial, the defendant's constitutional right to confrontation was not violated herein since the codefendant took the stand and was subject to cross-examination (see, Cruz v New York, 481 US 186). Similarly, the defendant's right to a fair trial was not impaired since the content and force of his own admission discounted the possibility that the jury found him guilty on "legally insufficient evidence or found it necessary to use the codefendant's statement as a guide for resolving ambiguities in the People's case against the [defendant]" (People v Payne, 35 NY2d 22, 27-28). Indeed, unlike the case of People v Payne (supra, at 28), upon which the defendant relies, the statement made by him did not "stop * * * short of telling what [had] occurred". Accordingly, there was no need for the jury to resort to the extrajudicial statements of the codefendant in determining the defendant's guilt and, in the process, to have ignored the trial court's repeated instructions to only consider the statements as evidence against the individual who had made them.

In sum, because this is not "one of those exceptional cases" where, without the existence of a confession by the codefendant, the likelihood of a conviction against the other defendant would have been "most remote" (People v Payne, supra, at 28), the defendant's claim that he is entitled to a new trial must be rejected.

We have examined the defendant's remaining contentions, including his challenge to the propriety of the sentence, and find them to be without merit. Brown, J. P., Kunzeman, Eiber and Spatt, JJ., concur.