■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO TALLEY, Appellant.—Judgment of the Supreme Court, New York County (James Leff, J.), rendered on September 16, 1987, convicting defendant, after a jury trial, of attempted robbery in the first degree and sentencing him, as a persistent violent felony offender, to an indeterminate term of from 15 years to life imprisonment, unanimously affirmed.

In this prosecution for attempted first degree robbery arising as a result of an attack upon the complainant in the lobby of her Stuyvesant Town apartment building and subsequent pursuit and apprehension of the defendant by no less than four individuals, including three private security guards, the hearing court properly denied defendant's motion seeking to suppress the complainant's identification testimony based upon the court's determination that the pretrial lineup, as composed, was not so suggestive as to create a risk of irreparable misidentification (*Manson v Brathwaite,* 432 US 98; *United States v Reid,* 517 F2d 953, 965, n 15; *People v Rodriguez,* 124 AD2d 611, 612).

Similarly, defendant's request, for the first time after defense counsel's summation, for an alibi instruction based solely upon a discrepancy in time estimates by two of his pursuers was properly denied, since there was no evidence establishing defendant's presence other than at the scene of the crime (*People v Holt,* 67 NY2d 819; *People v O'Neill,* 79 AD2d 429, 431).

Equally devoid of merit are defendant's largely unpreserved contentions that he was denied a fair trial by prosecutorial misconduct on summation, since the record reveals that the majority of the prosecutor's comments were responsive to defense counsel's repeated attacks upon the veracity of the People's witnesses (*People v Galloway,* 54 NY2d 396, 399; *People v Marks,* 6 NY2d 67).

Finally, we are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account his extensive history of violent crime, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence (*People v Farrar,* 52 NY2d 302, 305). Concur—Kupferman, J. P., Ross, Asch, Kassal and Smith, JJ.