■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS CUESTA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered July 12, 1989, convicting him of criminal sale of a

controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The instant case arises out of a so-called "buy and bust" operation that was conducted on the afternoon of December 14, 1988, in the vicinity of 90th Street and Roosevelt Avenue in Queens. At the trial, the undercover officer testified that when Enrique Osario approached him, he asked Osario if anyone had cocaine and Osario replied that the price was $15. The undercover gave $15 in prerecorded money to Osario, who, in turn, brought it to the defendant. Osario and the defendant walked over to a third individual, Oscar Cardona, and the three then entered a nearby laundromat. When the three men came out of the laundromat, Cardona gave Osario a plastic bag containing cocaine, and Osario brought it over to the undercover officer. After the three men had walked back into the laundromat, the backup team arrested them.

The defendant and Cardona were tried jointly. At the close of the People's case, the defendant presented a witness who testified that she was present in the laundromat because she was to meet the defendant there, that the defendant was alone inside the laundromat and that she did not see Cardona at any time. Thereafter, Cardona took the stand and, pursuant to questions from his own attorney, essentially confessed to the crime and implicated the defendant as a participant in the sale.

The defendant contends that the court should have severed his trial from that of Cardona based upon inconsistent defenses. However, the record is devoid of any request by the defendant that his case be severed from that of Cardona and the defendant did not move for a mistrial. Thus, this issue is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Russell,* 71 NY2d 1016; *People v Walker,* 71 NY2d 1018; *see also, People v Udzinski,* 146 AD2d 245). In any event, the defendant failed to meet the second prong of the two-prong test established in *People v Mahboubian* (74 NY2d 174, 184), i.e., that there was a "significant danger" that a conflict between the defenses offered by the defendant and the codefendant would lead the jury to infer the defendant's guilt *(see also, People v Cardwell,* 78 NY2d 996). Any prejudice to the defendant was mitigated because the codefendant Cardona took the stand, thereby preserving the defendant's right to confrontation and to cross-examine him *(see, People v Anthony,* 24 NY2d 696; *People v Stuckey,* 147 AD2d 724; *People v Smith,* 144 AD2d 397; *People v Larkin,* 135 AD2d 834).

The defendant also contends that he was denied the effective assistance of counsel. However, in order to prevail on a claim of ineffective assistance of counsel, the defendant must overcome the strong presumption that defense counsel rendered effective assistance (see, Strickland v Washington, 466 US 668, 689-690; People v Baldi, 54 NY2d 137). Moreover, the defendant must also show that, but for counsel's allegedly deficient performance, the outcome of the criminal proceeding would have been different (see, Hill v Lockhart, 474 US 52, 57-59; People v Benn, 68 NY2d 941; People v Sullivan, 153 AD2d 223). After a review of the record in its entirety and without granting undue significance to retrospective analysis, we are satisfied that the defendant received the effective assistance of counsel (see, People v Satterfield, 66 NY2d 796; People v Cardia, 133 AD2d 775; People v Outler, 118 AD2d 819).

In any event, even if we were to assume, arguendo, that counsel's representation was deficient in some respects, the defendant has failed to show any actual prejudice, as "the jury's verdict would without any doubt have been the same" (People v Sullivan, supra, at 229). Clearly, the defendant was not convicted on the basis of any uncorroborated accomplice testimony (see, CPL 60.22 [1]), and there was no view of the evidence which would have supported either an alibi charge (see, People v Talley, 155 AD2d 368; People v Spruill, 103 AD2d 785) or an agency charge (see, People v Carter, 151 AD2d 688).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, supra), or without merit. Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.