■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN DOUGLAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.),

rendered February 8, 1990, convicting him of murder in the second degree (two counts of felony murder and one count of intentional murder), robbery in the first degree, kidnapping in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing indeterminate terms of 25 years to life imprisonment on each conviction of murder in the second degree, 25 years to life imprisonment on the conviction of kidnapping in the first degree, 8⅓ to 25 years imprisonment on the conviction of robbery in the first degree, and 5 to 15 years imprisonment on each conviction of criminal possession of a weapon in the second degree, with, in effect, all sentences except the sentence for kidnapping in the first degree to run concurrently.

Ordered that the judgment is modified, on the law, by providing that all the terms of imprisonment shall be served concurrently; as so modified, the judgment is affirmed.

The defendant's convictions stem from his participation in the abduction and shooting murder of Dwayne Simmons. Contrary to the defendant's contention, he has failed to demonstrate a deprivation of his right to the effective assistance of counsel. In order to prevail on such a claim, the defendant must overcome the strong presumption that defense counsel rendered effective assistance *(see, People v Baldi,* 54 NY2d 137). Moreover, the defendant must also show that, but for counsel's allegedly deficient performance, the outcome of the trial would have been different *(see, People v Cuesta,* 177 AD2d 639). The defendant's attorney actively and skillfully defended his case in the face of overwhelming evidence of guilt. We are satisfied that the defendant received the effective assistance of counsel. We note that even assuming, arguendo, that counsel's representation were deficient in some respects, the defendant ultimately failed to show any actual prejudice, since the jury's verdict would without any doubt have been the same *(see, People v Cuesta, supra; People v Sullivan,* 153 AD2d 223, 229).

The sentencing court erred in directing that the term of imprisonment imposed for kidnapping in the first degree run consecutively to the other terms of imprisonment. The act of kidnapping in the first degree was not complete until the victim was shot and killed *(see,* Penal Law § 135.25 [3]). It was this same shooting that formed the basis for the defendant's conviction for intentional murder. Therefore, these convictions, which were essentially based upon the same acts, must run concurrently *(see, People v Morgan,* 177 AD2d 655; *People v Esquilin,* 159 AD2d 632, 634; Penal Law § 70.25 [2]).

The defendant's remaining contentions are either unpre-

served for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245) without merit, or do not warrant reversal of the judgment of conviction. Thompson, J. P., Bracken, Harwood and Miller, JJ., concur.