■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN PHILLIPS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered February 2, 1990, convicting him of murder in the second degree (three counts), robbery in the first degree, kidnapping in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing concurrent indeterminate terms of 25 years to life imprisonment on each conviction of murder in the second degree, 8⅓ to 25 years imprisonment on the conviction of robbery in the first degree, and 5 to 15 years imprisonment on each conviction of criminal possession of a weapon in the second degree, and an indeterminate term of 25 years to life imprisonment on the conviction of kidnapping in the first degree, to run consecutively to the sentence for the conviction of intentional murder in the second degree.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed for kidnapping in the first degree shall be served concurrently with the term of imprisonment imposed for murder in the second degree as charged in the first count of the indictment; as so modified, the judgment is affirmed.

The defendant's claim that the trial court improperly addressed the deliberating jury in his absence is unpreserved for appellate review and, in any event, is without merit. The actions of the court did not impinge upon the defendant's right to be present at a critical stage of the trial. Here, the court simply informed the jury that it could not respond to their requests for supplemental instructions and evidence until the defendant, who was indisposed, returned to the courtroom. Not every communication with the jury requires the presence of the defendant. The jury here was given no instructions or information by the court in the defendant's absence; thus his right to be present was not implicated (see, People v Bonaparte, 78 NY2d 26, 30; People v Harris, 76 NY2d 810, 812; CPL 310.30). Furthermore, the court's remarks to the jury indicated a continued willingness to abide by the wishes of the jurors (see, People v Elie, 150 AD2d 719; cf., People v Hall, 101 AD2d 956).

The court erred, however, in directing that the term of imprisonment imposed for kidnapping in the first degree run consecutively to the sentence for the conviction of intentional murder in the second degree. In this case, the act of kidnapping in the first degree was not complete until the victim was shot and killed (see, Penal Law § 135.25 [3]). It was this same shooting that formed the basis for the defendant's conviction for intentional murder charged in the first count of the indictment. Therefore, the terms of imprisonment imposed for these crimes, which were essentially based upon the same acts, must run concurrently to each other (see, People v Douglas, 178 AD2d 651; People v Morgan, 177 AD2d 655; People v Esquilin, 159 AD2d 632, 634; Penal Law § 70.25 [2]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.