■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FINCH, Appellant. [604 NYS2d 222] —Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered January 10, 1990, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence, in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, the defendant must overcome the strong presumption that defense counsel rendered effective assistance (see, *People v Baldi,* 54 NY2d 137). Moreover, the defendant must show that, but for counsel's allegedly deficient performance, the outcome of the criminal action would have been different (see, *People v Cuesta,* 177 AD2d 639).

Although trial counsel failed to object to the bolstering testimony of two police officers, we find that, standing alone, this omission did not constitute ineffective assistance of counsel. Throughout the trial, the defense counsel effectively cross-examined the People's witnesses, raised appropriate objections, and made cogent arguments in his summation by bringing out the weakness in the People's case and emphasizing his contention that the defendant was the victim of misidentification. Viewing counsel's conduct in its entirety, the defendant was not deprived of effective assistance (see, *People v Johnson,* 184 AD2d 732; *cf., People v Winston,* 134 AD2d 546).

The defendant's sentence was not excessive (see, *People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, Balletta and Joy, JJ., concur.