■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD M. BOGONIEWSKI, Appellant. [616 NYS2d 303] —Judgment unanimously affirmed. Memorandum: We reject defen-

dant's contention that the proof of intent to harm one of two victims is legally insufficient *(see, People v Bleakley,* 69 NY2d 490, 495). The fact that a different inference may be drawn from the proof in this case does not mandate reversal *(see, People v Castillo,* 47 NY2d 270, 277-278; *People v Reynolds,* 107 AD2d 724). We also reject the contention that the court erred in permitting testimony regarding defendant's prior possession of a weapon resembling the weapon used in the crime. Contrary to defendant's contention, identity of the perpetrator was at issue, and the court properly determined that the probative value of that testimony outweighed the prejudice to defendant *(see, People v Beam,* 57 NY2d 241; *People v Widger,* 126 AD2d 962, *lv denied* 69 NY2d 1011; *see generally, People v Ventimiglia,* 52 NY2d 350).

We have reviewed defendant's remaining contention concerning the imposition of consecutive sentences and find it to be without merit. (Appeal from Judgment of Erie County Court, Drury, J.—Attempted Murder, 2nd Degree.) Present— Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.