■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG JACKSON, Appellant. [656 NYS2d 276] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered September 11, 1995, convicting him of murder in the second degree (two counts, intentional murder and felony murder), kidnapping in the first degree, and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed for the conviction of kidnapping in the first degree shall run concurrently with the term of imprisonment imposed for the conviction of murder in the second degree (intentional murder); as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly admitted into evidence testimony that five days after the crime, the defendant possessed a weapon resembling the weapon used in the crime. The testimony was admissible to establish the defendant's identity (see, People v Ventimiglia, 52 NY2d 350; People v Berry, 222 AD2d 686; People v Bogoniewski, 206 AD2d 844), and to complete the witness's narrative (see, People v Sceravino, 193 AD2d 824; People v Mangarella, 190 AD2d 757).

The sentencing court erred in directing that the term of imprisonment imposed for kidnapping in the first degree run consecutively to the sentence for the conviction of intentional murder in the second degree. In this case, the act of kidnapping in the first degree was not complete until the victim was shot and killed (see, Penal Law § 135.25 [3]). It was this same shooting that formed the basis for the defendant's conviction for intentional murder. Therefore, the terms of imprisonment imposed for these crimes, which were essentially based upon the same acts, must run concurrently to each other (see, Penal Law § 70.25 [2]; People v Phillips, 182 AD2d 648; People v Douglas, 178 AD2d 651).

However, the court properly directed that the term of imprisonment imposed for robbery in the first degree run

consecutively to the sentence of the conviction of intentional murder in the second degree. The record demonstrates that the defendant's subsequent act of killing the victim was separate and distinct from his prior act of robbing the victim *(see, People v Brathwaite,* 63 NY2d 839; *People v Hladky,* 229 AD2d 400; *People v Evans,* 162 AD2d 702).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.