THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MOLINA, Appellant. [670 NYS2d 44] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered May 3, 1996, convicting him of murder in the second degree (two counts [intentional murder and felony murder]), kidnapping in the first degree, and tampering with a witness in the first degree, upon a jury verdict, and imposing concurrent indeterminate terms of 25 years to life imprisonment on each conviction of murder in the second degree and 8⅓ to 25 years imprisonment on his conviction of tampering with a witness in the first degree, and an indeterminate term of 25 years to life imprisonment for his conviction of kidnapping in the first degree to run consecutive to the sentences for intentional murder and tampering with a witness in the first degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed for kidnapping in the first degree shall be served concurrently with the terms of imprisonment imposed for intentional murder and tampering with a witness in the first degree; as so modified, the judgment is affirmed.

The defendant and the codefendant, Nelson Rivera, were being prosecuted for a robbery they allegedly perpetrated against Bonnie Mejia in Queens County. Shortly before Ms. Mejia was to testify against them, the defendant and Rivera abducted her from her Nassau County home and murdered her to prevent her from testifying. The defendant ultimately confessed to the murder and kidnapping of Ms. Mejia and was convicted for those crimes. He now argues that the trial court should have suppressed his confessions.

The record supports the conclusion that when Nassau County police began investigating the disappearance of Ms. Mejia, they believed and hoped that they would find her alive. They located the defendant following a court appearance in Queens and he volunteered to accompany them back to Nassau County for questioning. The record supports the hearing court's conclusion that the defendant was not in custody at this time (*see, People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851; *People v Glasper*, 160 AD2d 723).

The defendant contends that the statements he made during the course of this interrogation must nevertheless be suppressed because his waiver of his *Miranda* rights was ineffective in the absence of the attorney who was representing him on the related robbery charges pending in Queens County (*see, People v Cohen*, 90 NY2d 632). We disagree. Even if the defendant's waiver of his right to remain silent was ineffective due to the absence of his attorney, inasmuch as the police were investigating a kidnapping, an urgent matter presenting unusually exigent circumstances, they were justified in their initial questioning of the defendant pursuant to the emergency exception carved out by *People v Krom* (61 NY2d 187). At this stage of the investigation the police reasonably were attempting to ascertain Ms. Mejia's whereabouts and to effect her prompt release. Thus, the statements made and the evidence obtained up until the time that the defendant showed the police Ms. Mejia's grave, and they ascertained that she was dead and the emergency no longer existed, were properly admitted at the defendant's trial (*People v Krom, supra; see also, People v Simpson*, 235 AD2d 960; *People v Flannery*, 137 AD2d 615). Although the statements obtained following the discovery of the body should have been suppressed (*see, People v Cohen, supra; People v Burdo*, 91 NY2d 146), their admission constituted harmless error in light of the overwhelming evidence of the defendant's guilt (*see, People v Krom, supra; People v Crimmins*, 36 NY2d 230).

The defendant is correct insofar as he challenges the imposi-

tion of a consecutive sentence for his conviction of kidnapping in the first degree. The act of kidnapping as charged herein (Penal Law § 135.25 [3]) was not completed until Ms. Mejia was killed as a result of the same acts for which the defendant was charged with intentional murder and tampering with a witness. Thus, the sentences imposed thereon must be concurrent (*People v Jackson,* 237 AD2d 620; *People v Phillips,* 182 AD2d 648; *People v Douglas,* 178 AD2d 651).

The defendant's remaining contentions are without merit. Miller, J. P., Altman, Krausman and Luciano, JJ., concur.