◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH OLIVERAS, Appellant. [678 NYS2d 558] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]), burglary in the first degree (Penal Law § 140.30 [4]), petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Contrary to defendant's contention, Supreme Court did not err in admitting into evidence the 911 tape of the victim's telephone call, made within minutes of the robbery. The tape was admissible as an excited utterance (*see, People v O'Connor,* 242 AD2d 908, *lv denied* 91 NY2d 895); the victim's statements therein "were not made under the impetus of studied reflection" (*People v Edwards,* 47 NY2d 493, 497). The People were properly permitted to present testimony regarding defendant's prior possession of a handgun resembling that described by the victim. The "identity of the perpetrator was at issue, and * * * the probative value of that testimony outweighed the prejudice to defendant" (*People v Bogoniewski,* 206 AD2d 844, 845, *lv denied* 84 NY2d 933). Nor was defendant denied effective assistance of counsel. The evidence, the law and the circumstances of the case establish that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Robbery, 1st Degree.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.