■ The People of the State of New York, Respondent, v Frank C. Rivera, Appellant. [721 NYS2d 429] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered December 11, 1997 in Rensselaer County, upon a verdict convicting defendant of the crimes of assault in the second degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree.

Defendant's convictions arise out of a January 25, 1997 incident in which he discharged a handgun at the corner of Fourth Street and Congress Street in the City of Troy, Rensselaer County, and shot Grant Andrews in the foot. Supreme Court imposed concurrent prison sentences of 7 years on the conviction of assault in the second degree, 12 years on the conviction of criminal possession of a weapon in the second degree and $3^{1}/_{2}$ to 7 years on the conviction of reckless endangerment in the first degree. Defendant appeals.

Initially, we reject defendant's challenges to the weight and sufficiency of the trial evidence, which are based solely upon

the premise that Andrews' testimony was clearly perjurious. Although Andrews' testimony was unclear at some points and was not in all respects consistent with testimony he gave at the preliminary hearing and before the Grand Jury, he was both consistent and emphatic in his statements that he was familiar with defendant, that at approximately 6:30 P.M. on January 25, 1997 he saw two black men run down the street and defendant immediately thereafter appear at the corner of Fourth Street and Congress Street with a gun in his hand, that defendant shot twice in his direction, and that one of the bullets struck him in the foot and injured two of his toes. In our view, the inconsistencies cited to by defendant simply raised a credibility issue that the jury evidently resolved in favor of the prosecution. We thus conclude that, viewing the evidence in a light most favorable to the prosecution (see, *People v Allah*, 71 NY2d 830, 831), "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Further, viewing the evidence in a neutral light (see, *People v Carthrens*, 171 AD2d 387, 392) but according due deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley, supra,* at 495), we conclude that the verdict was not against the weight of the evidence (see, *People v Rose [Cousins]*, 215 AD2d 875, 877, *lvs denied* 86 NY2d 793, 801).

To the extent that they may be preserved, defendant's remaining contentions are also lacking in merit. Considering defendant's prior criminal record and the violent nature of his crimes, and defendant having failed to identify any extraordinary circumstances warranting a modification, the sentence will not be disturbed (see, *People v Biggs*, 268 AD2d 800; *People v Williams*, 266 AD2d 647, 648, *lv denied* 94 NY2d 886). Further, evidence of defendant's prior and subsequent possession of a firearm resembling the one used in the present crimes was admissible for the purpose of identifying defendant as the perpetrator (see, *People v Brown*, 266 AD2d 863, *lv denied* 94 NY2d 860; *People v Jackson*, 237 AD2d 620, *lv denied* 90 NY2d 894; *People v Sheriff*, 234 AD2d 894, *lv denied* 90 NY2d 910), and Supreme Court properly instructed the jury to consider that evidence only on the issue of identity.

Defendant's remaining contentions, including the claim that his convictions for assault in the second degree and reckless

endangerment in the first degree are repugnant, have not been preserved for our consideration (*see, People v Hart*, 266 AD2d 584, 585, *lv denied* 94 NY2d 903; *People v Brown*, 243 AD2d 749, 750).

Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.