■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BOYD, Appellant. [771 NYS2d 155]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered May 29, 2002, convicting him of burglary in the second degree and possessing a sexual performance by a child, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (DiMango, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied suppression of the physical evidence recovered from his possession and his statements to law enforcement officials. The findings and credibility determinations of the hearing court, which are entitled to great deference on appeal, are supported by the record and should not be disturbed (*see People v Jakins,* 277 AD2d 328 [2000]). The hearing court properly concluded that the police officers' initial encounter with the defendant was lawful in its inception and that the subsequent intrusion was reasonably limited in scope and intensity (*see People v Hollman,* 79 NY2d 181 [1992]; *People v De Bour,* 40 NY2d 210 [1976]). The officers' search of the defendant's knapsack was justified by their reasonable suspicion that it contained a weapon (*see People v Coleman,* 215 AD2d 576 [1995]). They then discovered the pictures of the victim which were in plain view (*see People v Crawford,* 239 AD2d 515 [1997]). Given the legitimate concern of the police for the safety of the victim, the questioning of the defendant regarding the victim's identity and whereabouts, without first advising him of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]), was lawful (*see People v Molina,* 248 AD2d 489, 490 [1998]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.