THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY ZALEVSKY, Appellant. [918 NYS2d 790]—

The defendant contends that the evidence of "physical injury," an element of the crime of assault in the second degree (*see* Penal Law § 120.05 [3]), was legally insufficient. Contrary

to the People's contention, the defendant preserved this issue for appellate review by raising it in his written pro se motion submitted at the close of the People's case (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally insufficient to establish, beyond a reasonable doubt, that the peace officer sustained a "physical injury" within the meaning of Penal Law § 10.00 (9). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The peace officer testified that the defendant kicked him in the leg while he was restraining the defendant. The peace officer was "bruised up a little bit" at the location where the defendant kicked him, but he did not seek any medical treatment or miss any work. On direct examination, the peace officer did not testify as to the duration or severity of his pain. On cross examination he testified to experiencing "minor pain" in his leg. This was insufficient to establish that the peace officer suffered a "physical injury" (*see People v Scott*, 70 AD3d 978 [2010]; *People v Baksh*, 43 AD3d 1072 [2007]; *People v Richmond*, 36 AD3d 721, 722 [2007]; *People v Briggs*, 285 AD2d 651, 652 [2001]; *People v Barnes*, 261 AD2d 409, 410 [1999]; *People v DiStefano*, 252 AD2d 530 [1998]; *People v Cheeks*, 161 AD2d 657 [1990]; *cf. People v Chiddick*, 8 NY3d 445, 448 [2007]). Accordingly, the defendant's conviction of assault in the second degree must be vacated and that count of the indictment dismissed.

There is no merit to the defendant's contention that the trial court failed to make a sufficient inquiry into the defendant's request to relieve his third appointed counsel and substitute new counsel (*see People v Porto*, 16 NY3d 93 [2010]; *People v Sides*, 75 NY2d 822, 824 [1990]). In addition to considering the defendant's written motion, the trial court questioned the defendant at length, but the defendant failed to demonstrate good cause for substitution (*see People v Linares*, 2 NY3d 507, 510-512 [2004]; *People v Sides*, 75 NY2d at 824; *People v Sawyer*, 57 NY2d 12, 18-19 [1982], *cert denied* 459 US 1178 [1983]; *People v Medina*, 44 NY2d 199, 208 [1978]). "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides*, 75 NY2d at 824).

The record as a whole demonstrates that the defendant made a knowing, voluntary, and intelligent decision to waive his right to counsel and to proceed pro se (*see People v Providence*, 2 NY3d 579, 582-583 [2004]; *see also People v Arroyo*, 98 NY2d 101, 104 [2002]; *People v Smith*, 92 NY2d 516, 520-521 [1998]).

The defendant contends that the statements he made during the course of an interrogation must be suppressed because he was not first advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]). Given the legitimate concern of the police for the safety of the victim, the questioning of the defendant regarding the victim's whereabouts was lawful (*see New York v Quarles*, 467 US 649 [1984]; *People v Krom*, 61 NY2d 187 [1984]; *People v Boyd*, 3 AD3d 535, 536 [2004]; *People v Molina*, 248 AD2d 489, 490 [1998]). Once the police found the victim's body in the defendant's apartment and ascertained that she was dead, and after that information was communicated to the detectives questioning the defendant, the emergency no longer existed. The statements the defendant made following the discovery of the body and before the detectives left the interrogation room for the scene of the crime should have been suppressed (*see People v Krom*, 61 NY2d at 200; *People v Molina*, 248 AD2d at 490). Nonetheless, the admission of these statements constituted harmless error in light of the overwhelming evidence of the defendant's guilt and the fact that there was no reasonable possibility that the error contributed to the defendant's conviction (*see People v Paulman*, 5 NY3d 122, 134 [2005]; *People v Krom*, 61 NY2d at 201; *People v Crimmins*, 36 NY2d 230, 237 [1975]). Significantly, contrary to the defendant's contention, the statements he later made, after being given *Miranda* warnings, were properly admitted into evidence, as the break in the interrogation was sufficiently pronounced to dissipate the taint of the *Miranda* violation (*see People v White*, 10 NY3d 286 [2008], *cert denied* 555 US —, 129 S Ct 221 [2008]; *People v Paulman*, 5 NY3d 122 [2005]; *People v Nelson*, 73 AD3d 811 [2010]; *People v Foddrell*, 65 AD3d 1375, 1377 [2009]).

The defendant's contentions raised in point III (C) of his pro se supplemental brief and his contentions that the trial court failed to charge the jury on the standards of proof for conviction and the material legal principles applicable to this particular case are unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach these contentions in the exercise of our interest of justice jurisdiction. The defendant's contention that the trial court erred in its supplemental charge to the jury also is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Covello, J.P., Dickerson, Eng and Sgroi, JJ., concur.