Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered December 3, 2014. The *1570 judgment convicted defendant, upon a jury verdict, of kidnapping in the first degree and robbery in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of kidnapping in the first degree (Penal Law § 135.25 [2] [a]) and robbery in the first degree (§ 160.15 [4]). As we noted in the appeal by a codefendant, “[t]he charges arose from an incident in which the victim was held captive, pistol whipped, and then repeatedly humiliated, including being forced to lick his own blood from a boot of one of the perpetrators. The perpetrators made a video recording of parts of the incident and posted the recording on social media” (People v Woods, 142 AD3d 1356, 1357 [2016]).
Contrary to defendant’s contention, Supreme Court properly refused to suppress his statements to the police. The evidence from the suppression hearing established that police officers were searching for the victim after viewing the video recording of him being beaten, and his family members reported to the police that defendant, who was riding a bicycle in a certain location, knew where the victim was being detained. Based on that information, an officer stopped defendant, and said that defendant needed to speak to a detective who was on his way to that location. Defendant immediately said that he could find the missing person on his own if the officer would let him go. Shortly thereafter, a detective arrived and told defendant that they were searching for the victim, and the detective questioned defendant about the victim’s whereabouts. Defendant indicated that he would have to walk by the house in which the victim was detained so he could show the officers where it was but, after they indicated that he would not be released, he agreed to allow the initial officer to drive him in the patrol vehicle. As they drove, he pointed out a house and said that the victim was in it.
As the People correctly concede, defendant was in custody at the time that he spoke to the officers (see generally People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]) and, “[a]s a general rule, a person who is in custody cannot be questioned without first receiving Miranda warnings” (People v Doll, 21 NY3d 665, 670 [2013], rearg denied 22 NY3d 1053 [2014], cert denied 572 US —, 134 S Ct 1552 [2014], affg 98 AD3d 356 [2012]). Nevertheless, we agree with the court that the initial statement, i.e., the one defendant made before the detective arrived, was spontaneous, inasmuch as it was “in no way the product of an interrogation environment [or] the result *1571 of express questioning or its functional equivalent” (People v Harris, 57 NY2d 335, 342 [1982], cert denied 460 US 1047 [1983] [internal quotation marks omitted]; see People v Rivers, 56 NY2d 476, 480 [1982], rearg denied 57 NY2d 775 [1982]; People v Wearen, 19 AD3d 1133, 1134 [2005], lv denied 5 NY3d 834 [2005]). Thus, the court properly refused to suppress that statement.
Furthermore, the court also properly refused to suppress defendant’s next set of statements, in which he identified the house in which the victim was being held. At that time, the police were aware that the victim was being held and were seeking information from defendant regarding the victim’s location in order to rescue him. “Given the legitimate concern of the police for the safety of the victim, the questioning of the defendant regarding the victim’s . . . whereabouts, without first advising him of his Miranda rights . . . , was lawful” (People v Boyd, 3 AD3d 535, 536 [2004], lv denied 2 NY3d 737 [2004]; see Doll, 98 AD3d at 364; People v Zalevsky, 82 AD3d 1136, 1138 [2011], lv denied 19 NY3d 978 [2012], denied reconsideration 19 NY3d 1106 [2012]).
We reject defendant’s contention that the evidence is not legally sufficient to support the conviction. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and affording them the benefit of every favorable inference (see People v Bleakley, 69 NY2d 490, 495 [1987]), we conclude that the evidence is legally sufficient to establish the elements of the crimes of which defendant was convicted (see id.). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant’s further contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Finally, the sentence is not unduly harsh or severe.
Present — Smith, J.P., Carni, DeJoseph, NeMoyer and Troutman, JJ.