People v Sanders (2019 NY Slip Op 03163)





People v Sanders


2019 NY Slip Op 03163


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


51 KA 17-00186

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE SANDERS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered December 6, 2016. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault and attempted rape in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count two of the indictment, and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Erie County, for resentencing on that count.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of predatory sexual assault (Penal Law § 130.95 [3]) and attempted rape in the first degree (§§ 110.00, 130.35 [1]), defendant contends that Supreme Court erred in refusing to suppress statements that he made to the police. We reject that contention.
Initially, the court properly concluded that the statement that defendant made while being transported to the police station was spontaneous. Although that statement was made while defendant was in custody, it was "in no way the product of an interrogation environment [or] the result of express questioning or its functional equivalent" (People v Harris, 57 NY2d 335, 342 [1982], cert denied 460 US 1047 [1983] [internal quotation marks omitted]; see People v Dawson, 149 AD3d 1569, 1570-1571 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]).
Furthermore, the court properly refused to suppress the statements that defendant made at the police station. The evidence presented at the suppression hearing demonstrated that defendant was informed of his Miranda rights, that he understood those rights, and that he was not under duress or undue influence when he made those statements (see People v DeAngelo, 136 AD3d 1119, 1120 [3d Dept 2016]; see also People v Rodwell, 122 AD3d 1065, 1067 [3d Dept 2014], lv denied 25 NY3d 1170 [2015]). In addition, suppression of those statements is not required based on the tactics used by the detective who questioned defendant at the police station. "It is well established that not all deception of a suspect is coercive, but in extreme forms it may be" (People v Thomas, 22 NY3d 629, 642 [2014]). Here, we conclude that the tactics in question "did not overbear defendant's will or create a substantial risk that he would falsely incriminate himself" (People v Tompkins, 107 AD3d 1037, 1040 [3d Dept 2013], lv denied 22 NY3d 1044 [2013]; see People v Jenkins, 159 AD3d 1419, 1420 [4th Dept 2018], lv denied 31 NY3d 1118 [2018], reconsideration denied 32 NY3d 1005 [2018]; People v Grigoroff, 131 AD3d 541, 544 [2d Dept 2015]).
Defendant's contention that the evidence is not legally sufficient to support the conviction is not preserved inasmuch as his motion for a trial order of dismissal was not " specifically directed' at the error being urged" on appeal (People v Hawkins, 11 NY3d 484, 492 [2008]; see People v Gray, 86 NY2d 10, 19 [1995]). In any event, we conclude that the evidence, viewed in [*2]the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), provides a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
As defendant contends and the People correctly concede, the court imposed an illegal period of postrelease supervision of five years on defendant's conviction of attempted rape in the first degree, a class C violent felony sex offense (see Penal Law §§ 70.02 [1] [b]; 70.80 [1] [b]; 110.00, 110.05 [4]; 130.35 [1]). Because defendant is a second violent felony offender, the applicable period of postrelease supervision is between 7 and 20 years (see §§ 70.04 [1] [a]; 70.45
[2-a] [h]). Inasmuch as the record does not indicate whether the court intended to impose the minimum or maximum period of postrelease supervision, we modify the judgment by vacating the sentence on count two of the indictment, and we remit the matter to Supreme Court for resentencing on that count (see People v Bowden, 15 AD3d 884, 885 [4th Dept 2005], lv denied 4 NY3d 851 [2005], reconsideration denied 5 NY3d 786 [2005]; cf. People v Roman, 43 AD3d 1282, 1283 [4th Dept 2007], lv denied 9 NY3d 1009 [2007]). Contrary to defendant's contention, however, the remainder of the sentence is not unduly harsh or severe. Finally, we note that the certificate of conviction and the order of protection issued at sentencing contain clerical errors that must be corrected (see generally People v Young, 74 AD3d 1864, 1865 [4th Dept 2010], lv denied 15 NY3d 811 [2010]). The certificate of conviction incorrectly reflects that the order of protection was issued for a duration of 12 years and must therefore be amended to reflect that the order of protection expires on January 24, 2038, and the order of protection incorrectly recites that defendant was convicted of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [1]) and must therefore be amended to reflect that defendant was instead convicted of attempted rape in the first degree (§§ 110.00, 130.35 [1]).
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court