People v Langdon (2025 NY Slip Op 04404)

People v Langdon

2025 NY Slip Op 04404

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

549 KA 22-01391

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL LANGDON, JR., DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered April 4, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]). We affirm. Defendant contends that his waiver of the right to appeal is invalid and that County Court erred in denying that part of his omnibus motion seeking suppression of statements that he made to law enforcement officers. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and therefore does not preclude our review of his challenge to the court's suppression ruling (see People v Williams, 225 AD3d 1130, 1130 [4th Dept 2024], lv denied 42 NY3d 973 [2024]), we conclude that the court properly refused to suppress his pre-Miranda statements. Defendant's initial statements to the state troopers arriving on the scene, which described who had shot the victim and where the victim was located, "were responses to threshold inquiries by the [troopers] that were intended to ascertain the nature of the situation during initial investigation of a crime, rather than to elicit evidence of a crime, and those statements thus were not subject to suppression" (People v Pruitt, 158 AD3d 1138, 1140 [4th Dept 2018], lv denied 31 NY3d 1120 [2018] [internal quotation marks omitted]; see People v Mitchell, 132 AD3d 1413, 1414 [4th Dept 2015], lv denied 27 NY3d 1072 [2016]). Similarly, we conclude that defendant's subsequent statement that the shooting was an act of self-defense "was spontaneous, inasmuch as it was 'in no way the product of an interrogation environment [or] the result of express questioning or its functional equivalent,' " and thus not subject to suppression (People v Dawson, 149 AD3d 1569, 1570-1571 [4th Dept 2017], lv denied
29 NY3d 1125 [2017]; see People v Harris, 57 NY2d 335, 342 [1982], cert denied 460 US 1047 [1983]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court