■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILTON FAGAN, Appellant. [628 NYS2d 118] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Jackson, J.), rendered December 21, 1989, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the seventh degree, assault in the second degree, assault in the third degree, and resisting arrest under Indictment No. 4119/88, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Lipp, J.), rendered May 20, 1993, convicting him of criminal possession of a controlled substance in the fifth degree under Indictment No. 5719/92, upon his guilty plea, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant contends that the Supreme Court denied him the right to present a defense by precluding testimony that an individual who was arrested with the defendant was the "lost subject" of an undercover police officer's drug purchase two weeks earlier at the same location. Evidence is relevant if it has " 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence' " *(People v Davis,* 43 NY2d 17, 27, quoting Uniform Rules of Evidence, rule 401 [1974]). Here, the proffered evidence was not relevant because it did not tend to make it more probable that the defendant did not conduct the transaction for which he was convicted. Therefore, the trial court properly excluded this evidence.

The defendant's remaining contentions are unpreserved for appellate review *(see, People v Hammond,* 208 AD2d 559; *People v Laguer,* 195 AD2d 483, 485).

In light of the foregoing, the defendant is not entitled to vacatur of the guilty plea which resulted in the judgment of conviction rendered May 20, 1993 under Indictment No. 5719/92 *(cf., People v Taylor,* 80 NY2d 1, 15). Rosenblatt, J. P., Ritter, Pizzuto and Krausman, JJ., concur.