■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK ROWE, Appellant. [628 NYS2d 558] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered January 5, 1994, convicting him of criminal possession of a weapon in the third degree, and resisting arrest, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him to the police.

Ordered that the judgment is affirmed.

The record supports the Supreme Court's determination that the police officer had reasonable suspicion to seize the defendant. Consequently, those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by him to the police were properly denied (see, People v Bond, 116 AD2d 28, 31; People v Milton, 115 AD2d 666; People v Holmes, 81 NY2d 1056, 1058). Bracken, J. P., Balletta, Rosenblatt and Altman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR SANCHEZ, Appellant. [628 NYS2d 752] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered June 24, 1993, convicting him of assault in the first degree, assault in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to the commencement of the trial the court held a Sandoval hearing and ruled, inter alia, that if the defendant testified in his own defense, the prosecutor could not inquire into several of the defendant's previous convictions. However, since the defendant testified to facts that were in conflict with the precluded testimony, he opened the door on the issue of whether he had been "in trouble" within the previous four years. Therefore, he was properly subject to impeachment by the prosecution's use of the otherwise precluded evidence which was relevant to this issue (see, People v Fardan, 82 NY2d 638, 646; see also, People v Morgan, 171 AD2d 698, 699; People v Rios, 166 AD2d 616, 617-618).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]), without merit, or do not require reversal. Miller, J. P., Thompson, Friedmann and Florio, JJ., concur.