■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN MYERS, Appellant. [632 NYS2d 111] —Judgment, Supreme Court, New York County (James Leff, J.), rendered October 15, 1992, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to concurrent terms of 25 years to life, unanimously affirmed.

This conviction arises out of the March 5, 1974 rape, robbery and strangulation death of a woman who lived alone and whose killer, unknown to her, had entered her apartment through a living room window abutting a fire escape after breaking a padlock on a safety gate securing the window. Defendant's arrest in Charleston, South Carolina, for this brutal crime over seventeen years later is a testimonial to the unrelenting perseverance of the New York City Police Department.

At sentencing, the prosecutor noted "for the record" that on the morning following a *Sandoval* hearing at which defendant and his counsel were present, the prosecutor had learned that defendant had not been convicted in connection with a previous sexual assault charge and thus the prosecutor had advised the court and defense counsel that, should defendant testify, he would not be cross-examined regarding this alleged prior bad act previously believed to have resulted in a conviction and previously ruled by the court to be admissible for impeachment purposes. As neither defendant nor his counsel made any application in connection with defendant's right to be present, either prior to or after the prosecutor's statement for the record, there is no record to substantiate defendant's current claim that he was not present when the prosecutor made his

initial announcement. Thus, appellate review of defendant's claim that he was denied his right to be present at a material stage of his trial is precluded (*see, People v Bharat*, 204 AD2d 169, *lv denied* 84 NY2d 822). In any event, we note that there is no basis for speculation that defendant's counsel did not communicate to defendant the import of this favorable development, or that this development would have altered the decision of defendant, who was subject to cross-examination regarding several prior theft-related convictions, not to testify in his own behalf.

Defendant's claims of error in connection with expert testimony regarding the fingerprint issue are for the most part unpreserved by appropriate and timely objection (CPL 470.05). In any event, the expert testimony regarding the institution and mechanics of the Statewide Automated Fingerprint Identification System did not constitute improper bolstering, but rather was properly admitted to explain why the police apprehended defendant after a lapse of seventeen years (*see, People v Aphaylath*, 68 NY2d 945, 947). Nor was there any error in admitting the testimony of the expert witness that based upon the number of comparison points and the quality of the latent fingerprints taken from the crime scene, the witness had no doubt that the fingerprints in question were those of the defendant. Expert testimony regarding the identification of fingerprints, a subject well beyond the ken of lay jurors, is a proper subject for consideration by the jury (*People v Roach*, 215 NY 592, 605), and the trial court's charge to the jury instructing, *inter alia*, that the jurors may reject in whole or in part any offered opinion of an expert where the jury disagrees with such opinion based on the facts as found by the jury, assured that no factual determination was improperly removed from the jury's consideration. Further, testimony and summation comment regarding comparison of latent fingerprints found at the scene of the crime with fingerprints "on file" did not compel a conclusion by the jurors that defendant had a prior criminal record. We accept as common knowledge that fingerprints are taken routinely for any number of reasons unconnected to criminal matters.

Defendant's additional claims of error are unpreserved by appropriate and timely objection (CPL 470.05), and were we to review them in the interest of justice, we would find no basis for reversal. Concur—Sullivan, J. P., Wallach, Rubin, Ross and Nardelli, JJ.