■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY LEGGETT, Appellant. [633 NYS2d 349] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered May 18, 1993, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We discern no error in the court's modification of its *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) to permit the prosecutor to cross-examine the defendant with respect to the previously-excluded circumstances surrounding his prior convictions. During his direct examination, the defendant discussed his prior acquittals in an attempt to mislead the jury into believing that whenever he had been arrested for robberies that occurred in the same neighborhood as in this case and by the same officer who assisted in his apprehension in this case he had been acquitted after trial, since in each of those cases he had been a victim of a police setup. Further, the defendant claimed that he had never been "anywhere near" the vicinity of the instant robbery, when in fact several prior convictions stemmed from robberies that took place in the subject vicinity. Accordingly, the defendant opened the door to cross-examination regarding his prior convictions and was "properly subject to impeachment by the prosecution's use of the otherwise precluded evidence" *(People v Fardan,* 82 NY2d 638, 646; *see also, People v Rodriguez,* 85 NY2d 586; *People v Johnson,* 203 AD2d 588; *People v Gordon,* 202 AD2d 166). Moreover, following the cross-examination of the defendant, and again in its final charge, the court issued a limiting instruction cautioning the jury to consider the evidence of past crimes solely for the purpose of assessing the defendant's credibility, thereby diminishing any prejudice arising therefrom *(see, People v Fardan, supra).*

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review, and, in any event, without merit. Mangano, P. J., Bracken, Sullivan and Rosenblatt, JJ., concur.