■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAM PHAN, Also Known as PHAN TAM, Appellant. [640 NYS2d 120]

The defendant has not preserved for appellate review his contention that the People failed to prove his identity as one of the perpetrators beyond a reasonable doubt. In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity as one of the individuals who burglarized the complainants' home and robbed the complainants. The complainants had ample opportunity to observe the defendant during the incidents, and were able to identify him at a subsequent lineup.

Contrary to the defendant's contention, the minor discrepancies regarding his height, weight, and appearance contained in the identification testimony did not render that testimony unworthy of belief *(see, People v White,* 192 AD2d 736, 737; *People v Hunt,* 177 AD2d 649, 650). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We do not find the imposition of consecutive sentences to be

excessive in light of the defendant's criminal history, the violent and terrorizing nature of the offenses, and the psychological impact of the offenses upon the victims *(see, People v White, supra,* at 737).

In light of the foregoing, the defendant is not entitled to vacatur of the guilty pleas which resulted in the judgments of conviction under Indictment Nos. 590/93 and 660/93 *(see, People v Fagan,* 215 AD2d 686; *cf., People v Taylor,* 80 NY2d 1, 15).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Basora,* 75 NY2d 992; *People v Burke,* 72 NY2d 833; *People v Squires,* 171 AD2d 893, 894; *People v Walker,* 224 AD2d 559) or without merit *(see, People v Fardan,* 82 NY2d 638, 646; *People v Leggett,* 221 AD2d 371; *People v Sanchez,* 216 AD2d 498; *cf., People v Beniquez,* 215 AD2d 678). Bracken, J. P., Rosenblatt, O'Brien and Goldstein, JJ., concur.