■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY ESPINAL, Appellant. [693 NYS2d 534] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered May 30, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, and order, same court and Justice, entered on or about October 29, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. At the *Rodriguez* hearing (*People v Rodriguez*, 79 NY2d 445), the prosecution established that the witness had sufficient familiarity with defendant such that his photographic identification of him was confirmatory. The prosecution had no obligation to call the identifying witness and properly established this prior knowledge through the testimony of a police detective that the witness knew defendant by first name as well as "street name," that he knew where defendant lived and the car he drove, and that he had seen him at least 20 times in the prior year.

The court properly exercised its discretion in receiving testimony that, one month prior to the crime, defendant possessed a knife that was sufficiently established to have been similar to the murder weapon (*see, People v Del Vermo*, 192 NY 470, 478-482; *see also, People v Mirenda*, 23 NY2d 439, 452-454), since it was relevant to establish defendant's identity and its probative value outweighed any prejudicial effect. Defendant's claim that the court should have given a limiting instruction with regard to this evidence is unpreserved and we decline to review it in the interest of justice. We note that the prosecutor only argued that the evidence was probative of defendant's identity as the killer and never urged the jury to consider this evidence as demonstrating defendant's propensity to commit crimes.

The People were not required to give notice pursuant to CPL 710.30 of defendant's statement concerning his nickname, made in response to a pedigree question. The record establishes that this pedigree question was asked as part of routine processing, reasonably related to administrative concerns, even though the statement had some inculpatory value (*see, People v Rodney*, 85 NY2d 289).

Defendant's CPL 440.10 motion was properly denied. The

motion, even when read as a whole and broadly construed, does not state a claim warranting a hearing and does not raise the issue asserted on appeal.

We perceive no abuse of discretion in sentencing.

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Ellerin, P. J., Mazzarelli, Rubin, Andrias and Buckley, JJ.