■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO GARCIA, Appellant. [743 NYS2d 127] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered October 26, 2000, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that certain testimony, questioning, and summation comments by the prosecutor improperly suggested to the jury that he had a prior criminal history. As the defendant raised only general objections (*see People v Young,* 278 AD2d 261), or objected on grounds other than those raised on appeal regarding the allegedly improper questioning and testimony (*see People v Weston,* 56 NY2d 844), and failed to object to the prosecutor's comments which were purportedly improper (*see People v Robinson,* 281 AD2d 564; *People v Walston,* 248 AD2d 570), his claims are not preserved for appellate review (*see* CPL 470.05 [2]).

In any event, the testimony and summation comments that the fingerprints recovered from the scene matched those of the defendant stored with an associated identification number in a state computer system, which was not specifically identified as police related, did not compel the inference that the defendant had a past criminal history (*see People v Myers,* 220 AD2d 272; *see also People v Peoples,* 142 AD2d 610). In addition, the court's instruction to the prosecutor to refer to the defendant's "NYSIS" number as an "identification number" generated after the defendant's arrest for the burglary at issue sufficiently removed any potential prejudice (*see generally People v Vincent,* 250 AD2d 787; *People v Woods,* 134 AD2d 306). The prosecutor did not suggest that the defendant had a prior criminal history either when eliciting the testimony regarding the defendant's fingerprints and identification number or in her summation (*see generally People v Greeman,* 235 AD2d 281; *People v Redd,* 217 AD2d 564; *People v Simmons,* 170 AD2d 15).

The defendant's remaining contentions are without merit. Altman, J.P., Schmidt, Townes and Cozier, JJ., concur.