The People of the State of New York, Respondent, v Lakhraj Manohar, Appellant. [837 NYS2d 270]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered February 23, 2006, convicting him of burglary in the third degree and criminal mischief in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In November 2003 the defendant allegedly burglarized a closed parking garage in Queens County, and proceeded to pry open a cash register, dismantle a telephone, and damage a surveillance camera. The incident was captured on the parking garage's surveillance camera and viewed the next day by one of its employees, who was able to pause the video and take a digital photograph of the computer monitor, which undisputedly depicted the defendant at the time and date of the burglary. However, the parking garage's employees were unable to preserve the video without appropriate software, and after five days, the computer automatically erased it.

As a result of a motion in limine, the Supreme Court precluded the employee's testimony as to what he viewed on the video on the basis that it violated the best evidence rule. Nonetheless, the Supreme Court cautioned the defendant that if he testified and opened the door, the court would reconsider its ruling. On direct examination, the defendant provided an innocent explanation for his presence at the parking garage and stated that the telephone was already dismantled prior to his arrival.

On cross-examination, the defendant denied that he had, among other things, pried open the cash register, dismantled the telephone, and broken the surveillance camera. As a result, the Supreme Court permitted limited rebuttal testimony from the parking garage's employee who had viewed the videotape repeatedly and photographed the computer screen with the defendant's image. The jury convicted the defendant of burglary in the third degree and two counts of criminal mischief in the fourth degree. This appeal ensued.

Contrary to the defendant's contention, his testimony on direct examination opened the door, in rebuttal, to the previously precluded testimony (see People v Fardan, 82 NY2d 638, 646 [1993]; People v Harris, 57 NY2d 335, 345 [1982], cert denied 460 US 1047 [1983]; People v Sanchez, 216 AD2d 498 [1995]; People v Oglesby, 133 AD2d 284 [1987]). The defendant further opened the door when, on cross-examination, he specifically denied the alleged criminal acts (see People v Foster, 182 AD2d 701, 701 [1992]; People v Rudolph, 134 AD2d 539, 540 [1987]). There is "no difference of constitutional magnitude between the defendant's statement on direct examination and his answer to questions put to him on cross-examination that are plainly within the scope of the defendant's direct examination" (see People v Maerling, 64 NY2d 134, 141 [1984], quoting United States v Havens, 446 US 620, 627 [1980]). Having chosen to take the stand, the defendant was obligated to "testify truthfully or suffer the consequences" and that obligation was "fully binding" on him during cross-examination (United States v Havens, supra at 626-627). Accordingly, the Supreme Court properly admitted the rebuttal testimony on the basis that the defendant had opened the door.

The defendant's contention that the court erred in allowing the People to introduce evidence of a police detective's testimony regarding the defendant's computer-matched fingerprint left at the crime scene is unpreserved for appellate review (see CPL 470.05 [2]; People v Morales, 308 AD2d 229, 233 [2003]; People v Garcia, 294 AD2d 515 [2002]). In any event, the contention is without merit (see People v Garcia, supra; People v Myers, 220 AD2d 272, 273 [1995]; see also People v Peoples, 142 AD2d 610 [1988]).

Moreover, the defendant was properly sentenced as a second felony offender. He failed to sustain his burden of proof demonstrating that his previous plea of guilty was unconstitutionally obtained (see CPL 400.21 [7] [b]; People v Harris, 61 NY2d 9, 15-16 [1983]). The minutes from the prior plea proceeding established that he had pleaded guilty knowingly, voluntarily,

and intelligently (*see People v Wager*, 34 AD3d 505 [2006]; *People v Smith*, 238 AD2d 450, 451 [1997]; *People v Fishon*, 97 AD2d 773 [1983]). Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.