■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE CLEMMONS, JR., Also Known as DRE, Appellant. [921 NYS2d 131]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered March 17, 2008, convicting him of murder in the second degree, attempted robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court properly admitted into evidence a photograph, taken approximately three days prior to the shooting, showing him holding a gun that was similar to the weapon used in the crimes at issue. This evidence was admissible to establish the defendant's identity, and its probative value outweighed any prejudicial effect (*see People v Rivera*, 281 AD2d 702, 703 [2001]; *People v Brown*, 266 AD2d 863 [1999]; *People v Espinal*, 262 AD2d 245 [1999]).

Further, the testimony of a detective that the defendant's fingerprints were already in the system, which was not specifically identified as police-related, did not compel the inference that the defendant had a past criminal history (*see People v Henry*, 71 AD3d 1159, 1160 [2010]; *People v Garcia*, 294 AD2d 515 [2002]; *People v Myers*, 220 AD2d 272 [1995]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, do not require reversal. Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.