■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [920 NYS2d 723]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 20, 2007, convicting him of burglary in the first degree, robbery in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly granted the People's application for a protective order prohibiting the disclosure of an informant's identity (*see* CPL

240.50 [1]; *People v Goggins*, 34 NY2d 163, 169-170 [1974], *cert denied* 419 US 1012 [1974]; *cf. People v Rios*, 60 NY2d 764, 765 [1983]). Furthermore, contrary to the defendant's contention, the belated disclosure of the informant's identity, made after the People, in effect, consented to vacatur of the protective order, did not constitute a *Brady* violation (*see Brady v Maryland*, 373 US 83, 87-88 [1963]; *People v Cortijo*, 70 NY2d 868, 870 [1987]; *cf. People v Eldridge*, 221 AD2d 966 [1995]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's identity as one of the perpetrators beyond a reasonable doubt (*see People v Tam Phan*, 225 AD2d 715 [1996]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; CPL 470.15 [5]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Tam Phan*, 225 AD2d at 715).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 146 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83-86 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.