■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURRY WINKFIELD, Appellant. [951 NYS2d 151]—

Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered June 15, 2009, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. The shooting incident was witnessed by two auxiliary police officers, whose testimony was supported by ballistics evidence linking the gun recovered from the car they saw defendant leave the scene in to shell casings recovered from the scene of the shooting.

The court properly exercised its discretion in permitting defendant's former girlfriend to testify that, in the months before the shooting, she repeatedly saw defendant in possession of a pistol resembling the one used in the incident. This testimony was relevant to establish identity since it tended to show that defendant had the means of committing the crime (see e.g. People v Del Vermo, 192 NY 470, 478-482 [1908]; People v Hall, 266 AD2d 160 [1st Dept 1999], lv denied 94 NY2d 901 [2000]). "Contrary to defendant's argument, a pattern of crimes employing a unique modus operandi is not the exclusive situation in which uncharged crimes may be probative of identity" (People v Laverpool, 267 AD2d 93, 94 [1st Dept 1999], lv denied 94 NY2d 904 [2000]). The probative value of this evidence outweighed any prejudicial effect, which the court minimized by way of thorough instructions. Concur—Tom, J.P., Mazzarelli, Saxe, Catterson and DeGrasse, JJ.