■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL THEN, Appellant. [10 NYS3d 135]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered June 7, 2012, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the defendant, over his objection, wore orange prison pants for a portion of the first day of jury selection, reversal is not warranted. The jury selection occurred over a two-day period and the trial commenced immediately thereaf-

ter and continued for three more days. On that first day of jury selection, out of the presence of any prospective jurors, in response to the defendant's request to adjourn the matter for several days because of his appearance in the orange pants, the Supreme Court adjourned the proceeding until after lunch to give the defendant an opportunity to obtain a change of clothing. When the court reconvened the proceeding in the afternoon, the court noted that the defendant was wearing a black knit top, although he still was wearing the orange pants. Before any prospective jurors entered, the court directed that the defendant's wheelchair be moved closer to the defense table, and noted that the defendant was situated the furthest distance possible from the prospective jurors in the courtroom. The court also noted that, unless the jurors strained, it was unlikely that they would be able to see the pants that the defendant was wearing. For the remainder of the trial, the defendant wore his own clothing. Under these circumstances, the fact that the defendant wore prison pants for half a day of jury selection was not an error so egregious as to deprive the defendant of his right to a fair trial. Further, any other error regarding the clothing worn by the defendant was harmless since the evidence of the defendant's guilt was overwhelming and there is no reasonable possibility that this error affected the outcome of the trial (*see People v Best*, 19 NY3d 739, 744 [2012]; *United States v Hurtado*, 47 F3d 577, 582 [2d Cir 1995]).

The Supreme Court properly admitted a witness's testimony that she observed a gun in the defendant's possession at various times during October 2006. This evidence was admissible to establish the defendant's identity, and its probative value outweighed any prejudicial effect (*see People v Winkfield*, 98 AD3d 923 [2012]; *People v Clemmons*, 83 AD3d 859, 860 [2011]; *People v Clink*, 32 AD3d 862, 862-863 [2006]; *People v Rivera*, 281 AD2d 702, 703 [2001]; *People v Espinal*, 262 AD2d 245 [1999]).

The defendant's contention that he was deprived of a fair trial due to comments the prosecutor made on summation is unpreserved for appellate review (*see* CPL 470.05 [2]), because the defense either failed to object to the challenged comments, made only general objections, or failed to request additional relief when the Supreme Court sustained an objection, and the untimely defense motion for a mistrial failed to preserve the contention for appellate review (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v Salnave*, 41 AD3d 872, 874 [2007]). In any event, the defendant was not deprived of a fair trial. Moreover, any other error with respect to the prosecutor's summa-

tion was harmless (*see People v Roscher*, 114 AD3d 812, 813 [2014]).

The defendant's remaining contentions are without merit. Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.