This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 6
The People &c.,
            Respondent,
        v.
Rafael Then,
            Appellant.

Patricia M. Pazner, for appellant.
Joseph N. Ferdenzi, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

The issue on this appeal is whether defendant was denied a fair trial when, for half a day of jury selection, he was compelled to wear orange correctional pants. We hold that defendant was not denied his right to a fair trial because there

- 1 -

is no evidence on this record that the correctional pants were visible to the jury.

Defendant was arrested while getting into a vehicle that had been stolen at gunpoint twelve days earlier and charged with first- and second-degree robbery. Before jury selection began, defendant, who was seated in a wheelchair, complained that he did not have his own clothing because he had not been able to contact his family and requested an adjournment from that day, a Thursday, to the following Monday. The trial judge noted that he understood defendant's concerns and would arrange for clothes to be delivered to the defendant, adjourned the proceedings until after lunch, but denied the request for a four-day adjournment. Following a lunch break, and outside the presence of prospective jurors, the trial court noted

> for the record that defendant does appear, I observed when he came in he has the orange correctional pants on, however, he appears to be wearing a black knitted top and that the defendant is, I'm going to actually push the chair in a little closer under the table, but he is at the end of a long table that is very wide and separated by one chair and his attorney is on the opposite end of that chair, and this defendant is the furthest away possible from the prospective jurors, from the jurors in the courtroom, and it's not likely that unless they strained that they would be able to see that he's wearing orange sweats. We're placing a call into the Department of Corrections so that they make sure that the defendant is wearing civilian clothes tomorrow.

Defense counsel requested an adjournment to the next day and the judge denied the request. The entire jury panel then entered the courtroom. When the prosecutor asked whether "[a]nybody when

they came in here and looked in and the parties were introduced notice[d] something about the defendant," the only response was from a prospective juror who noted, "He's in a wheelchair." The prosecutor assured the panel that defendant's use of a wheelchair had nothing to do with the case and instructed the jury to put aside that fact. Six jurors were chosen.

The next day, defense counsel repeated his objection to the fact that half the jury was seated while defendant was in "Department of Corrections pants." The court noted that defendant was "dressed appropriately today." For the remainder of the trial, defendant wore a suit. After hearing testimony from the victim and the officer who arrested defendant, the jury found defendant guilty of first- and second-degree robbery.

Defendant appealed his conviction and the Appellate Division affirmed, holding that "the fact that the defendant wore prison pants for half a day of jury selection was not an error so egregious as to deprive the defendant of his right to a fair trial" (People v Then, 128 AD3d 864 [2nd Dept 2015]). A Judge of this Court granted leave to appeal (25 NY3d 1208) and we now affirm.

Under the circumstances described here by the trial judge on the record, there is no merit to defendant's contention that he was denied a fair trial because he was compelled to appear before the jury in correctional garb. We have previously held that "to require [a defendant] to appear in convict's attire

-- a continuing visual communication to the jury -- is to deny" the defendant the right to appear "with the dignity and self-respect of a free and innocent" person (People v Roman, 35 NY2d 978 [1975]), consistent with the Supreme Court's holding that "[t]he State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes" (Estelle v Williams, 425 US 501, 502 [1976]).  These concerns are not implicated here, however, where there is no evidence that defendant's orange correctional pants were visible to the jury and the clothing that was visible to the jury was clearly not identifiable as correctional garb (cf. People v Harper, 47 NY2d 857, 858 [1979]).  Accordingly, the concerns articulated in Estelle and Roman do not apply and the trial judge committed no error in allowing jury selection to proceed that day.  Because we find no error here, we do not address whether harmless error analysis applies when a defendant is compelled to stand trial before a jury dressed in identifiable prison clothes.

Defendant's remaining contention is unpreserved for our review.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Chief Judge DiFiore and Judges Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.  Judge Wilson took no part.

Decided February 9, 2017