People v Jearel (2019 NY Slip Op 06173)





People v Jearel


2019 NY Slip Op 06173


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2015-00287
 (Ind. No. 801/13)

[*1]The People of the State of New York, respondent,
v
Tyrese Jearel, appellant.


Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington J.), rendered December 5, 2014, convicting him of intimidating a witness in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contentions that the Supreme Court erred in admitting certain statements made by three witnesses on the recordings of two 911 calls in violation of the hearsay rule, and that this error deprived him of due process (see CPL 470.05[2]). In any event, we agree with the admission of statements made by two witnesses as excited utterances (see People v Johnson, 1 NY3d 302, 306; People v Edwards, 47 NY2d 493, 497). While one of the recordings contained statements made by the third witness that did not constitute excited utterances or present sense impressions, any error in admitting this evidence was harmless (see People v Crimmins, 36 NY2d 230, 237, 240-241).
The defendant's contention that he was deprived of a fair trial due to comments the prosecutor made during summation is unpreserved for appellate review (see CPL 470.05[2]). In any event, most of the challenged remarks either constituted fair comment on the evidence or inferences drawn therefrom, or were responsive to the arguments and theories presented by the defense's summation (see People v Halm, 81 NY2d 819; People v Galloway, 54 NY2d 396; People v Ashwal, 39 NY2d 105; People v Fuhrtz, 115 AD3d 760; People v Birot, 99 AD3d 933; People v Guevara-Carrero, 92 AD3d 693). To the extent that some of the challenged remarks were improper, they [*2]were not so egregious as to have deprived the defendant of a fair trial. Moreover, any other error with respect to the prosecutor's summation was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that such error might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d at 240-241; People v Then, 128 AD3d 864, affd 28 NY3d 1170; People v Roscher, 114 AD3d 812).
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying him youthful offender status, despite his lack of a prior criminal record, where the crime was premeditated, senseless, and violent, and resulted in permanent injury to the victim (see People v Vera, 206 AD2d 494; People v Hopkins, 163 AD2d 416).
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court