People v Stanford (2020 NY Slip Op 02184)





People v Stanford


2020 NY Slip Op 02184


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


11354 3780/15

[*1]The People of the State of New York, Respondent,
v
Joe Stanford, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered August 12, 2016, convicting defendant, after a jury trial, of burglary in the second degree (six counts), attempted burglary in the second degree (two counts) and possession of burglar's tools, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, unanimously affirmed.
The record does not support defendant's assertion that he appeared before the jury in identifiable prison clothing. Rather, the record supports the court's finding that, as in People v Then (28 NY3d 1170 [2017]), defendant's clothing was "not identifiable as correctional garb" (id. at 1173). Accordingly, defendant's right not to be "compel[led] . . . to stand trial before a jury while dressed in identifiable prison clothes" (Estelle v Williams, 425 US 501, 512 [1976]) was not implicated.
The court providently exercised its discretion when it declined to preclude the prosecution from introducing still photographs drawn from a surveillance videotape that was not turned over to the defense, and that was destroyed before the trial. There is no indication of bad faith on the part of the police or prosecution and defendant had the opportunity to cross-examine witnesses about the content of the missing videotape. Accordingly, the adverse inference charge that the court delivered was sufficient to prevent any prejudice (see People v Martinez, 71 NY2d 937, 940 [1988]).
The court properly denied defendant's request for submission of criminal trespass in the second degree as a lesser included offense. Viewing the evidence in the light most favorable to defendant, there was no reasonable view of the evidence that he entered or attempted to enter any of the premises at issue without criminal intent (see e.g. People v Ocasio, 167 AD3d 412 [1st Dept 2018], lv denied 32 NY3d 1208 [2019]; People v LeCorps, 19 AD3d 216 [1st Dept 2005], lv denied 5 NY3d 807 [2005]). The record fails to support defendant's assertion that the court employed an incorrect standard in denying defendant's request.
Defendant's particular suppression argument is unpreserved, and we decline to review it in the interest of justice. We note that the People were never placed on notice of any need to develop the record (see People v Martin, 50 NY2d 1029 [1980]; People v Tutt, 38 NY2d 1011 [*2][1976]) as to the specific factual issue defendant now raises. As an alternative holding, we find that the hearing record, and the reasonable inferences to be drawn therefrom, support the conclusion that the special patrolmen who arrested defendant acted lawfully in all respects.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK