People v Butler (2021 NY Slip Op 00094)





People v Butler


2021 NY Slip Op 00094


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Ind No. 3780/15 Appeal No. 12802 Case No. 2019-4824 

[*1]The People of the State of New York, Respondent,
v
Kenneth Butler, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (C. Taylor Poor of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered August 12, 2016, convicting defendant, after a jury trial, of burglary in the second degree (six counts), attempted burglary in the second degree (two counts) and possession of burglar's tools, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.
The court properly denied defendant's suppression motion. A special patrolman working at a housing complex recognized defendant and his codefendant from a wanted poster. Based on surveillance videotapes and reasonable inferences to be drawn therefrom, there was ample probable cause to believe that the two men had committed a series of burglaries in the complex (see People v Carrasquillo, 54 NY2d 248 [1981]; see also Brinegar v United States, 338 US 160, 175 [1949]; People v Bigelow, 66 NY2d 417, 423 [1985]). Moreover, the existing probable cause was enhanced by the behavior of the two men shortly before their arrest, which may have been innocuous in the abstract, but which was suspicious in context. The hearing evidence also established that the search of the car that defendant and the codefendant occupied when arrested was a valid inventory search (see People v Lee, 29 NY3d 1119, 1120 [2017]; People v Padilla, 21 NY3d 268, 272-273 [2013], cert denied 571 US 889 [2013]). The special patrolmen created a suitable electronically recorded inventory list, and otherwise followed proper procedures for a police inventory.
Defendant's argument that his lawyer's failure to request a circumstantial evidence charge constituted ineffective assistance of counsel is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Trial counsel may have had a strategic reason for not requesting the charge, such as that the language of the standard charge might not have been entirely helpful to the defense. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that the absence of a request for a circumstantial evidence charge fell below an objective standard of reasonableness, or that it deprived defendant of a fair trial or affected the outcome of the case.
A summation remark by the prosecutor, to which defendant objected on the ground of its allegedly being unsupported by evidence, constituted fair comment that drew a reasonable inference from the record. By failing to object, by making generalized objections, and by failing to request further relief after objections were sustained[*2], defendant failed to preserve any of his remaining challenges to the summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Defendant's claim regarding a lesser included offense is similar to an argument this Court rejected on the codefendant's appeal (People v Stanford, 182 AD3d 433 [1st Dept 2020], lv denied 35 NY3d 1049 [2020]), and we find no basis upon which to reach a different result.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021